Jenny A. Covington SBN 233625
Molly Jean Given (Admitted Pro Hac Vice)
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
1600 Utica Avenue South, Suite 600
Minneapolis, MN 55416
Telephone:      (612) 464-7626
Facsimile:      (612) 255-7499
Email: jenny.covington@nelsonmullins.com
        mollyjean.given@nelsonmullins.com

Jennifer T. Persky SBN 274804
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:      (424) 221-7400
Facsimile:      (424) 221-7499
Email: jennifer.persky@nelsonmullins.com

Attorneys for Defendants
THE COOPER COMPANIES, INC.
and COOPERSURGICAL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEARSTEN WALDEN and ZACHARY WALDEN,<br><br>                              Plaintiffs,<br><br>     v.<br><br>COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive,<br><br>                              Defendants. | Case No. 4:24-CV-00903-JST<br><br>Assigned to: Judge Jon S. Tigar<br><br>**DEFENDANT THE COOPER COMPANIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date and Time: July 3, 2024 – 2:00 p.m.<br>Courtroom 11 – 19th Floor<br>Complaint Filed:  February 15, 2024 |

Defendant The Cooper Companies, Inc. submits its reply in support of its Motion to Dismiss Plaintiffs' Complaint and states:

/ / /

/ / /

/ / /

## TABLE OF CONTENTS

Introduction ....................................................................................................... 1

Argument ........................................................................................................... 1

    I.    Because Plaintiffs' venue allegations rest entirely upon
CooperCompanies' joinder, the legal sufficiency of that joinder must
be resolved as a threshold issue before addressing venue and personal
jurisdiction ................................................................................................. 1

    II.    Failing to address CooperCompanies' pleading deficiency argument
as required by the briefing order, Plaintiffs have waived their
opposition to the dismissal of the Complaint against CooperCompanies ... 3

    III.    Allegations appearing nowhere in the Complaint cannot save
otherwise legally insufficient claims against CooperCompanies ............... 4

    IV.    Jurisdictional discovery of CooperCompanies is unwarranted when
it does not dispute jurisdiction and the requested discovery would not
address the insufficiency of the Complaint as pled .................................... 5

    V.    Plaintiffs alter ego and agency theories against CooperCompanies
fail on their merits ...................................................................................... 7

Conclusion ........................................................................................................ 11

i

DEFENDANT THE COOPER COMPANIES, INC.'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1

**TABLE OF AUTHORITIES**

2  *Americopters, LLC v. FAA*, 441 F. 3d 726 (9th 2006) ..........................................................4

3  *Arnold v. CooperSurgical, Inc.*, 681 F. Supp. 3d 803 (S.D. Ohio 2023) ...........................9

4  *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) ..........................................................6

5  *Broam v. Bogan*, 320 F. 3d 1023 (9th Cir. 2003) .................................................................4

6  *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203 (N.D. Cal. 2009) ...........................3

7  *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011) ..........................................................2, 5

8  *First-Citizens Bank & Tr. Co. v. HSBC Holdings plc*, No. 23-CV-02483-LB,

9  2024 WL 115933 (N.D. Cal. Jan. 10, 2024) ......................................................................2

10  *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021)...........................6

11  *Franks v. CooperSurgical, Inc.*, No. CV 22-046 WES, 2024 WL 1109055

12  (D.R.I. Mar. 14, 2024) .......................................................................................................9

13  *Hopkins v. Women's Div., Gen. Bd. Of Global Ministries*, 238 F. Supp. 2d 174

14  (D.D.C. 2002) .....................................................................................................................3

15  *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016 (N.D. Cal. 2014)...........................................4

16  *In re Yahoo! Inc. Shareholder Derivative Litig.*, 153 F. Supp. 3d 1107

17  (N.D. Cal. 2015) .................................................................................................................3

18  *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928

19  (N.D. Cal. Oct. 15, 2010) ...................................................................................................9

20  *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175 (9th Cir. 1980) ...................8

21  *Lincoln v. Daylight Chem.*, No. SACV 10-1573, 2011 WL 13225067

22  (C.D. Cal. Feb. 14, 2011) .................................................................................................10

23  *Mack v. CooperSurgical, Inc.*, No. 1:22-cv-00054-RAH, 2023 WL 2653365

24  (M.D. Ala. Mar. 27, 2023).................................................................................................9

25  *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017) ......................................7

26  *Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015)........................................................7, 8

27  *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523

28  (Cal. Ct. App. 2000) .........................................................................................................10

*United States v. Bestfoods*, 524 U.S. 51 (1998)..................................................................8

*United State vs. Contra Costa County Water Dist.*, 678 F.2d 90 (9th Cir. 1982)..............9

DEFENDANT THE COOPER COMPANIES, INC.'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs ignore the plain language of the parties' stipulation and order of the Court that briefing should focus on arguments implicating jurisdiction and venue. Instead of following the Court's directive, Plaintiffs veer off topic, recasting the issues and unilaterally reserving arguments that should have been raised now. Thus, contrary to Plaintiffs' reinterpretation of the order, CooperCompanies' motion squarely implicates venue. Plaintiffs' venue allegation rests exclusively upon CooperCompanies' presence in this District and as a defendant—if CooperCompanies is not a defendant, Plaintiffs may not use its presence in California to establish venue. By improperly ignoring the legal insufficiency of the Complaint against CooperCompanies, a threshold requirement to venue in this District, they have disregarded the Court's order and waived their opposition to the motion.

What's worse, Plaintiffs misleadingly demand jurisdictional discovery of CooperCompanies when CooperCompanies has never disputed personal jurisdiction or venue, as long as it is properly joined in compliance with Rule 8(a)(2). Plaintiffs are not entitled to discovery of a matter not in dispute. And they certainly are not entitled to discovery when they have not first demonstrated compliance with Rule 8(a)(2).

For these reasons, Plaintiffs' opposition to CooperCompanies' motion is no response at all. The Complaint still reflects improper shotgun pleading, still fails to give CooperCompaies fair notice of what it did wrong, and still fails to demonstrate that this District is a proper venue under 28 U.S.C. § 1391(b)(3). Accordingly, CooperCompanies reiterates its request that the Court grant its motion and dismiss the Complaint against CooperCompanies pursuant to Rule 12(b)(6).

## ARGUMENT

**I.  Because Plaintiffs' venue allegations rest entirely upon CooperCompanies' joinder, the legal sufficiency of that joinder must be resolved as a threshold issue before addressing venue and personal jurisdiction.**

In its May 10, 2024 Order (ECF No. 36), this Court ordered Plaintiffs to respond to arguments in the pending motions, "including improper group pleading, to the extent they implicate personal

/ / /

/ / /

/ / /

1

jurisdiction and venue." (ECF No. 36 at p. 7.) Because CooperCompanies' joinder is the lynchpin of venue and, ultimately, personal jurisdiction, Plaintiffs were required to address joinder in their response.[1]

Venue depends upon the sufficiency of Plaintiffs' joinder of CooperCompanies. The Complaint alleges that "[v]enue is proper in this Court because Defendant Cooper Companies' principal place of business is in Contra Costa County, which is within this District." (Compl., ECF No. 1, ¶ 20.) Although not stated explicitly, the Complaint bases venue upon 28 U.S.C. § 1391(b)(3), which lays venue anywhere any defendant is subject to a court's personal jurisdiction. The Complaint alleges that CooperCompanies— and only CooperCompanies—is the defendant in this District subject to jurisdiction. If the claim against CooperCompanies goes away, so too does venue.

But the allegations in the Complaint against CooperCompanies are legally insufficient to establish joinder and, hence, insufficient to establish proper venue. Rather than plead wrongdoing separately against CooperCompanies and CooperSurgical, the Complaint employs an improper shotgun approach disallowed in this District and Circuit. As the Ninth Circuit explained in *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011):

> The district court made clear in this order that plaintiffs must amend their shotgun pleading to state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights." The second amended complaint was properly dismissed because it failed to do this, continuing to make "everyone did everything" allegations.

*Id.* at 958. *E.g.*, *First-Citizens Bank & Tr. Co. v. HSBC Holdings plc*, No. 23-CV-02483-LB, 2024 WL 115933, at *13 (N.D. Cal. Jan. 10, 2024) ("'Shotgun pleading'" occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically, or when one party pleads multiple claims and does not identify which specific facts are allocated to which claim, or when some of the named defendants do not appear in the factual allegations."). It is true that CooperCompanies' presence in this

---

[1] The parties' corresponding meet-and-confer correspondence leading up to the Court's order makes clear that both parties understood that the required briefing encompassed the joinder and pleading issues raised in CooperCompanies' motion. (*See* Decl. of M. Given, Ex. A at 2.) As stated by counsel for CooperCompanies, "the entirety of the CooperCompanies motion, apart from the part where [CooperCompanies] join/incorporate the arguments in the CooperSurgical MTD on the substantive causes of action under 12(b)(6), would directly go to 21 USC 1391 and whether there is proper venue here." (*Id.*)

2

DEFENDANT THE COOPER COMPANIES, INC.'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

District means venue properly lies here, but only if CooperCompanies is properly joined as a defendant. Section 1391(b)(3) requires presence of a ***defendant*** in the District—if CooperCompanies is not properly a defendant, its presence is immaterial to the venue analysis.

Plaintiffs all but concede the problems with their allegations against CooperCompanies. In their opposition, they parrot their allegations against CooperCompanies and then offer "additional jurisdictional facts" about ***CooperSurgical***, not CooperCompanies. (Pls. Opp'n, ECF No. 39, at pp. 3-6.) Plaintiffs' opposition focuses on tying CooperSurgical to CooperCompanies and glosses over whether they have properly joined CooperCompanies in the first place. But if the joinder of CooperCompanies is legally insufficient, the foundation for venue crumbles. Plaintiffs don't dispute this fact—after all, if they didn't need CooperCompanies to maintain their action in this District, then why did they attempt to join it as a defendant and base venue exclusively on its presence in this District?

## II.   Failing to address CooperCompanies' pleading deficiency argument as required by the briefing order, Plaintiffs have waived their opposition to the dismissal of the Complaint against CooperCompanies.

Plaintiffs have chosen not to respond to CooperCompanies' pleading deficiency argument, assuming incorrectly that they are not required to do so. Plaintiffs' assumption is just wrong and at odds with the plain language of the parties' stipulation and Court's corresponding order.

"Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived." *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009); *see also Hopkins v. Women's Div., Gen. Bd. Of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). Similarly, when an opposition abandons any arguments as to particular elements at issue in a motion to dismiss, the party has waived their arguments as to those opposed issues. *In re Yahoo! Inc. Shareholder Derivative Litig.*, 153 F. Supp. 3d 1107, 1124 n.11 (N.D. Cal. 2015).

Plaintiffs' attempt to "reserve" a right to oppose CooperCompanies' motion later misses the point of the motion. The motion challenges the sufficiency of the Complaint to state a claim against CooperCompanies. The sufficiency of the allegations against CooperCompanies directly implicates venue

1   because, under the allegations in the Complaint, without CooperCompanies as a defendant, venue does

2   not properly lie in this District. It is illogical, on one hand, to segregate the sufficiency of the allegations

3   against CooperCompanies—upon which venue rests—from derivative questions of venue and jurisdiction

4   as to CooperSurgical on the other. Plaintiffs' compartmentalization of the issues not only runs contrary to

5   the stipulation and order, but it also waives their opposition to the dismissal of the claims against

6   CooperCompanies.

7        Plaintiffs argue that CooperCompanies did not move on personal jurisdiction or venue grounds for

8   its own dismissal. (*See* ECF 39 at p. 15.) While true, it is irrelevant. CooperCompanies concedes that this

9   Court has personal jurisdiction over it and venue properly lies in this District but only if CooperCompanies

10  is properly joined as a defendant. Because the Complaint fails to properly join CooperCompanies in the

11  first place, questions about jurisdiction and venue as to CooperCompanies are simply immaterial.

12  **III.    Allegations appearing nowhere in the Complaint cannot save otherwise legally**

13          **insufficient claims against CooperCompanies.**

14       Rather than address the fundamental pleading deficiencies raised in CooperCompanies' motion as

15  required, Plaintiffs instead opt to ignore the motion entirely and attempt to bootstrap wholly new evidence

16  into their opposition through affidavits and exhibits. Plaintiffs' attempt to bypass pleading requirements

17  to inject new evidence through opposition briefing is improper and unavailing in any event.

18       It is axiomatic that "[t]he Court may not look beyond the four corners of the complaint in ruling

19  on a Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by reference,

20  and any relevant matters subject to judicial notice." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1023

21  (N.D. Cal. 2014); *see also Americopters, LLC v. FAA*, 441 F. 3d 726, 732 n.4 (9th 2006) (indicating that,

22  for a Rule 12(b)(6) motion, a district court is "confined by the facts contained in the four corners of the

23  complaint"). Similarly, the court may not consider new allegations and exhibits contained in the plaintiff's

24  opposition. *Broam v. Bogan*, 320 F. 3d 1023, 1026 n.2 (9th Cir. 2003). Although exceptions to these

25  restrictions exist for documents incorporated into the complaint by reference or documents subject to

26  judicial notice, *see In re Yahoo*, 7 F. Supp. 3d at 1023–24 (discussing the exceptions), Plaintiffs have

27  invoked neither exception here.

28

As CooperCompanies has demonstrated, the four corners of the Complaint in this case encompass a hodgepodge of improper "everyone did everything" allegations without giving CooperCompanies the most basic notice of what it allegedly did wrong. The allegations are on their face insufficient to state a claim against CooperCompanies and insufficient to retain CooperCompanies as a defendant.

Plaintiffs may not remedy the deficiencies in the allegations against CooperCompanies within the four corners of the Complaint by creating new allegations out of whole cloth in their response to CooperCompanies' motion. Plaintiffs argue at length wide-ranging theories of alter ego and agency, but those allegations appear nowhere in the Complaint as pled. Perhaps they would be sufficient to fulfill Plaintiffs' Rule 8(a)(2) obligations as to CooperCompanies if they ultimately make their way into a pleading, but, until that happens, they should not be considered in ruling on CooperCompanies' motion.

The allegations in Plaintiffs' Opposition do not remedy the deficiencies identified in CooperCompanies' motion. Throughout their Opposition, Plaintiffs assert allegations linking CooperSurgical to CooperCompanies. Those allegations say nothing about what CooperCompanies allegedly did wrong or, paraphrasing words of the Ninth Circuit in *Destfino*, how CooperCompanies is alleged to have violated Plaintiffs' legal rights.

Plaintiffs' Opposition to CooperCompanies' motion fails even if the Court assumes the truth of Plaintiffs' new allegations. Even if true, the allegations, at most, affect ***CooperSurgical***, but none of them spackle the gaps in the allegations against ***CooperCompanies.*** CooperCompanies still doesn't know what it did wrong. Until Plaintiffs fulfill their Rule 8(a)(2) obligation to make "a short and plain statement of the claim showing that the pleader is entitled to relief" from CooperCompanies, nothing else matters.

**IV.    Jurisdictional discovery of CooperCompanies is unwarranted when it does not dispute jurisdiction and the requested discovery would not address the insufficiency of the Complaint as pled.**

Plaintiffs argue that they "are entitled to jurisdictional discovery to establish personal jurisdiction." (Pls.' Opp'n, ECF No. 39, at p. 10.) Plaintiffs' argument as to CooperCompanies is flawed for several reasons.

First, for purposes of its motion, CooperCompanies does not dispute that this Court would have personal jurisdiction over it if properly joined. After all, CooperCompanies is based in this District and

5

subject to this Court's general personal jurisdiction. It is therefore disingenuous for Plaintiffs to suggest that discovery will enable them to establish jurisdiction over CooperCompanies by showing that CooperSurgical is acting as its alter ego. (Pls.' Opp'n, ECF No. 39, at p. 11.) CooperCompanies is subject to this Court's general personal jurisdiction irrespective of its relationship with CooperSurgical and irrespective of whether CooperSurgical allegedly acts as CooperCompanies' alter ego. Plaintiffs' plea for jurisdictional discovery as to CooperCompanies is baseless. *Cf. Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (affirming denial of jurisdictional discovery based upon nothing more than a hunch about the relevance of the information to be discovered).

Second, jurisdictional discovery as to CooperCompanies is unwarranted when the subject of the discovery has no logical connection to the allegations in the Complaint. Plaintiffs seek discovery to obtain facts supporting their alter ego and agency theories of liability, but Plaintiffs have not alleged those theories against CooperCompanies in the Complaint. Indeed, Plaintiffs have not alleged any theory of wrongdoing against CooperCompanies. Alter ego and agency theories might become relevant if Plaintiffs assert them in an amended complaint, but they are not relevant now as to CooperCompanies. It would be improper to ground a decision on CooperCompanies' motion upon what Plaintiffs might allege in a yet-unfiled and yet-unrequested amended complaint.[2]

Third, Plaintiffs' specific jurisdiction justification for jurisdictional discovery fares no better. The doctrine of specific jurisdiction rests upon the premise that a defendant's conduct in a state confers personal jurisdiction over the defendant not otherwise subject to general jurisdiction for claims relating to that conduct. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 360 (2021) (holding that a court may exercise personal jurisdiction over a defendant not subject to general jurisdiction when the claims are related to the defendant's conduct in the forum state). Specific jurisdiction does not apply here because CooperCompanies is at home in California and Plaintiffs have failed to allege any conduct by CooperCompanies related to their claims. Under these circumstances, Plaintiffs' jurisdictional sleight

---

[2]   Although Plaintiffs do not request any opportunity to amend their Complaint, CooperCompanies assumes that these newly proffered allegations and exhibits evidence the limits of what Plaintiffs might include in any proposed amendment. For that reason, although no such request has been made by Plaintiffs yet, it is evident from the offerings made that any such request should be denied as futile because Plaintiffs have already demonstrated that there are no new facts that they could properly allege that would salvage their claims against CooperCompanies.

of hand proves too much—it proves that Plaintiffs need discovery to identify tortious conduct by CooperCompanies, not to shore up personal jurisdiction. If truth be told, what Plaintiffs seek is merits discovery, not jurisdictional discovery, because they do not know of and have not alleged any wrongdoing by CooperCompanies supporting its joinder.

**V. Plaintiffs alter ego and agency theories against CooperCompanies fail on their merits.**

Even if the Court considers Plaintiffs' new allegations and new evidence, dismissal of the Complaint against CooperCompanies is still warranted.

### a. *Plaintiffs' alter ego theory fails.*

In order to establish an alter ego relationship, a plaintiffs must show that "(1) there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased, and (2) an adherence to the fiction of the separate existence of the corporation . . . would sanction a fraud or promote injustice." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 677 (9th Cir. 2017). The "unity of interest and ownership" prong requires "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (quotations omitted). "Total ownership and shared management personnel are alone insufficient to establish the requisite level of control." *Id.* "[A] plaintiff does not meet the 'unity of interest and ownership prong of alter ego liability when the evidence shows only an active parent corporation involved directly in decision-making about its subsidiaries holdings, but each entity observes all of the corporate formalities necessary to maintain corporate separateness." *Ranza*, 793 F. 3d at 1074 (quotations omitted).

As set forth in CooperCompanies' motion, Plaintiffs fail to plead anything more than unsupported conclusory allegations regarding the nature of CooperCompanies' relationship to CooperSurgical. (ECF 16 at p. 8–9.) In their opposition brief, Plaintiffs identify nothing more on the face of the Complaint than those same ineffectual, conclusory allegations to support their jurisdictional arguments. (ECF No. 39 at pp. 3, 12.) Indeed, Plaintiffs' narrow opposition rests almost entirely on their own unsupported conclusory assertion that "CooperCompanies 'operates through CooperSurgical.'" (*Id.* at 3.) As noted, Plaintiffs' reliance on wholly new factual allegations neither referenced nor incorporated in their Complaint is outside the proper scope of the 12(b)(6) analysis raised in CooperCompanies' motion and should be

excluded accordingly. The conclusory assertions in the Complaint are insufficient to support an alter ego theory of liability and Plaintiffs' opposition offers no further justification for the same.

In this case, Plaintiffs point to possible dual roles of the CooperSurgical president and several principals to establish their alter ego theory, but offer no evidence whatsoever to suggest that CooperCompanies or CooperSurgical otherwise take any *actions* that undermine their corporate separateness, such as failing to maintain adequate capitalization of each entity or failing to properly document transactions between the entities. *See Ranza*, 793 F.3d at 1074 (finding no alter ego theory where Plaintiff offered no evidence that subsidiary company was undercapitalized, that the two entities failed to keep adequate records, or that the parent company freely transfers subsidiary's asserts). Nor has Plaintiff offered any evidence beyond the identities of these principals and the President to suggest any improper conduct on the part of CooperSurgical or CooperCompanies that would undermine their corporate separateness.

First, the mere fact that "some employees and management personnel move between the entities . . . does not undermine the entities' formal separation." *See Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980) (holding there was no alter ego relationship where some directors for one entity had sat on the board of the other). As the Supreme Court has noted, the simple overlap of some common officers and directors is not sufficient to establish an alter ego relationship. *United States v. Bestfoods*, 524 U.S. 51, 69 (1998) ("It is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent to liability for its subsidiary's acts.").

Second, for similar reasons, the simple sharing of a mailing address between a parent and its subsidiary does not demonstrate any substantial degree of improper control that would support an alter ego or agency theory. In *Ranza*, the Ninth Circuit noted that even a company's "(1) involvement in its subsidiaries' acquisitions, divestments and capital expenditures; (2) formulation of general business policies and strategies applicable to its subsidiaries, including specialization in particular areas of commerce; (3) provision of loans and other types of financing to subsidiaries; and (4) maintenance of overlapping directors and officers with its subsidiaries," is "insufficient" to deem the two entities alter egos. *Ranza*, 793 F.3d at 1073–74. As evidenced by the elements considered by *Ranza*, even far more

8

substantial conduct by CooperCompanies, well beyond the scope of a simple shared mailing address, would be insufficient to deem CooperSurgical an alter ego of its parent.

Nor does a passing reference by CooperCompanies to its subsidiary as a "business segment" evidence any substantial violation of the two entities corporate separateness. Particularly where, as here, Plaintiffs offer no further allegations as to any alleged substantive conduct on the part of the entities that would evidence an undercapitalization of the subsidiary, failure to keep adequate records of transactions between entities, or any improper transfers of subsidiary assets. Plaintiffs offer no such evidence and therefore cannot sustain an alter ego or agency theory *even if* the Court considered the unpled allegations raised in their briefing. [3]

Finally, Plaintiffs citation and reliance on confidential settlement releases is wholly improper. The confidential settlement document Plaintiffs attached as Exhibit 6 to their briefing is inadmissible pursuant to Federal Rule of Evidence 408 and should be excluded from the Court's consideration entirely.  *See Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *14 (N.D. Cal. Oct. 15, 2010) (settlement negotiations are not admissible to prove liability for or invalidity of a claim or its amount); *see also Contra Costa County Water Dist.*, 678 F.2d at 92 ("[b]y preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement").   But regardless, it is neither novel nor surprising that a settlement release should include all parents and subsidiaries of a target company. Plaintiffs' own litigation is evidence of the need for such releases to include a parent corporation even if, as here, such parents are wholly divorced from any liability for the independent actions of their subsidiary.

/ / /

/ / /

---

[3] Similar arguments to those made by Plaintiffs have already been soundly rejected by numerous other Courts addressing similar alter ego allegations involving CooperCompanies and CooperSurgical. *See, e.g.*, *Franks v. CooperSurgical, Inc.*, No. CV 22-046 WES, 2024 WL 1109055, at *9 (D.R.I. Mar. 14, 2024) (declining to find personal jurisdiction on an alter ego theory between CooperSurgical and CooperCompanies); *Arnold v. CooperSurgical, Inc.*, 681 F. Supp. 3d 803, 821 (S.D. Ohio 2023) (declining to find personal jurisdiction on an alter ego theory between CooperSurgical and CooperCompanies, and denying jurisdictional discovery); *Mack v. CooperSurgical, Inc.*, No. 1:22-cv-00054-RAH, 2023 WL 2653365, at *4–5 (M.D. Ala. Mar. 27, 2023) (rejecting alter ego theory between CooperSurgical and CooperCompanies on Rule 12 motion where plaintiff failed to demonstrate any misuse of control by the parent company).

1

### b. *Plaintiffs' agency theory fails.*

As to agency, conclusory allegations are similarly insufficient to allege agency liability. *See Lincoln v. Daylight Chem.*, No. SACV 10-1573, 2011 WL 13225067, at *7 (C.D. Cal. Feb. 14, 2011) (holding "[m]ere conclusory allegations are not sufficient" to allege agency liability). Here again, Plaintiffs fail to offer anything more than conclusory allegations of agency. (*See* ECF 39 at p. 14–15.) Nor do Plaintiffs offer any substantial argument or allegations indicating the type of substantial control necessary to find an agency relationship between a parent corporation and its subsidiary. *See Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 541 (Cal. Ct. App. 2000) (noting agency relationships require a showing that the parent "moved beyond the establishment of general policy and direction for the subsidiary and in effect [took] over performance of the subsidiary's day-to-day operations in carrying out that policy.").

The agency theory fails for similar reasons the alter ego theory fails. When assessing an agency relationship, "the nature of the control exercised by the parent over the subsidiary necessary to put the subsidiary in an agency relationship with the parent must be over and above that to be expected as an incident of the parent's ownership of the subsidiary and must reflect the parent's purposeful disregard of the subsidiary's independent corporate existence." *Id.* at 542. Aside from a few superficial connections that are typical of any corporate affiliate relationship, however, Plaintiffs fail to allege facts to suggest the extreme level of control by a parent company required to "move[] beyond the establishment of general policy and direction for the subsidiary and in effect take over performance of the subsidiary's day-to-day operations in carrying out that policy." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 541 (Cal. Ct. App. 2000).  Much like alter ego, interlocking officers and directors is insufficient evidence to establish an agency relationship. *See id* at 548–49 ("It is considered a normal attribute of ownership that officers and directors of the parent serve as officers and directors of the subsidiary.") And Plaintiffs have alleged no acts of control or conduct between the two entities to evidence anything more than common traits of ownership over a subsidiary. As such, Plaintiffs fail, even in their newfound allegations, to state a plausible claim under an agency theory of liability.

/ / /

/ / /

10

**CONCLUSION**

Plaintiffs base venue in this District exclusively upon CooperCompanies' joinder as a defendant. But that joinder is fatally flawed because the Complaint violates the prohibition on shotgun pleading and fails to state what CooperCompanies did wrong and how it violated Plaintiffs' rights. The Court ordered the parties to address issues implicating venue, including the fundamental issue of the sufficiency of CooperCompanies' joinder. Plaintiffs chose a different course, however, arguing about theories and allegations appearing nowhere in the Complaint that are immaterial to the venue issue before the Court. On this record, CooperCompanies' motion stands unopposed and should therefore be granted in its entirety.

DATED:  June 4, 2024                    NELSON MULLINS RILEY &
                                        SCARBOROUGH LLP


                            BY:    */s/ Molly J. Given*
                                   Molly J. Given
                                   Attorney for Defendants

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 4, 2024, I electronically filed the foregoing document entitled *DEFENDANT THE COOPER COMPANIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES* with the Clerk of Court using the CM/ECF System, which will send a notice of electronic filing to all Counsel of record in this action.

*/s/ Molly J. Given*
Molly J. Given

4892-4566-6499