Jenny A. Covington SBN 233625
Molly Jean Given (Admitted Pro Hac Vice)
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
1600 Utica Avenue South, Suite 600
Minneapolis, MN 55416
Telephone:      (612) 464-7626
Facsimile:      (612) 255-7499
Email: jenny.covington@nelsonmullins.com
         mollyjean.given@nelsonmullins.com

Jennifer T. Persky SBN 274804
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:      (424) 221-7400
Facsimile:      (424) 221-7499
Email: jennifer.persky@nelsonmullins.com

Attorneys for Defendants
THE COOPER COMPANIES, INC.
and COOPERSURGICAL, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEARSTEN WALDEN and ZACHARY WALDEN,<br><br>                    Plaintiffs,<br><br>       v.<br><br>COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No. 4:24-CV-00903-JST<br><br>Assigned to: Judge Jon S. Tigar<br><br>**DEFENDANT THE COOPER COMPANIES, INC.'S FURTHER REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date and Time: July 3, 2024 – 2:00 p.m.<br>Courtroom 11 – 19th Floor<br>Complaint Filed:  February 15, 2024 |

Defendant The Cooper Companies, Inc., hereby responds to Plaintiffs' Sur-Reply in Opposition to Defendants' Motions to Dismiss (ECF No. 46) and in further support of its motion to dismiss.

/ / /

/ / /

/ / /

**INTRODUCTION**

Plaintiffs' characterization of the Complaint in their Sur-Reply bears little resemblance to the Complaint itself. The Sur-Reply argues that the Complaint "focuses on just two affiliated corporate defendants" (ECF No. 46, at 5:11), but in fact the Complaint alleges a variety of wrongdoing by "Defendants," defined as CooperCompanies, CooperSurgical, ***and 10 unidentified Doe defendants*** (Compl., ECF No. 1, ¶ 17 (emphasis added)). The Sur-Reply argues that the Complaint "provides extensive detail regarding Defendants' role in the events underlying this case (ECF No. 46 at 5:12-14), but in fact the Complaint draws no distinction between the conduct of CooperCompanies, CooperSurgical, or any of the 10 Doe defendants. Indeed, the Sur-Reply glosses over the fact that the Complaint alleges conduct entitling them to punitive damages but fails to describe what the conduct is and which defendant engaged in it. In short, Plaintiffs' Sur-Reply does not remedy the deficiencies in the Complaint and does not give this Court any reason to deny CooperCompanies' motion.

**ARGUMENT**

**I.     Even when permitted, a group pleading must still give defendants fair notice of the claims and the grounds for them, something the Complaint in this case fails to do.**

As Plaintiffs point out, group or shotgun pleading does not automatically doom a complaint, as long as it gives the defendants fair notice of the claims against them. But the Complaint against CooperCompanies does nothing of the kind.

This Court did permit a group pleading in *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.,* No. 19-cv-05784, 2021 WL 9763371, at *5 (N.D. Cal. Feb. 8, 2021) (Tigar, J.), *opinion vacated in part on other grounds,* 2021 WL 11714935 (N.D. Cal. Dec. 7, 2021). However, in that case, the plaintiff specifically alleged that all three defendants acted in concert. That is not the case here. There is no allegation in the Complaint that CooperCompanies acted jointly or otherwise in concert with any of the other Defendants.

Unlike the shotgun pleadings found sufficient in cases cited by Plaintiffs, the Complaint here makes innocuous allegations that do not alert CooperCompanies to what it allegedly did or how its conduct gives rise to liability. The closest the Complaint comes to articulating a discernible claim against CooperCompanies and the grounds for it is Paragraph 44, which alleges, "Operating through

1  CooperSurgical, Defendant Cooper Companies is a prominent leader in the global infertility treatment
2  market." (Compl., ECF No. 1, ¶ 44.) Nothing about that allegation, even if true, shows Plaintiffs are
3  "entitled to relief" from CooperCompanies. Unlike the complaint in *Celgard*, this bland allegation does
4  not give CooperCompanies notice of the claim against it, even when read in combination with everything
5  else in the Complaint. The Complaint goes to great lengths to show CooperSurgical's conduct but is
6  noticeably silent on the conduct of CooperCompanies. The Complaint in this case is nothing like the
7  group pleading found sufficient in *Celgard*.

8          The Complaint doesn't even allege that, in their parent-subsidiary relationship,
9  CooperCompanies and CooperSurgical worked together to produce the defective product or otherwise
10 engaged together in actionable conduct toward Plaintiffs. Plaintiffs cite *Steinley v. Health Net, Inc.,* No.
11 CV 18-5458, 2019 WL 3059383 (C.D. Cal. Mar. 28, 2019), but that ruling addressed the sufficiency of
12 an amended complaint, while the earlier ruling cited by CooperCompanies addressed the original
13 complaint which, like Plaintiffs' in this case, failed to allege wrongful conduct by the corporate parent.
14 In other words, Steinley II may be instructive, if at all, only after Plaintiffs amend their Complaint
15 against CooperCompanies. *Cf. Cree, Inc. v. Tarr Inc.*, No. 3:17-cv-00506, 2017 WL 3219974, at *5
16 (S.D. Cal. July 28, 2017) (cited by Plaintiffs and acknowledging that the purpose of the complaint is to
17 "give the defendant fair notice of what the claim is and the grounds upon which it rests") (quotations
18 and citation omitted).

19         Contrary to Plaintiffs' argument, the Complaint does not "target just two corporate entities . . .
20 ." (ECF No. 46 at 3:23-24.) In fact, the Complaint targets 12 defendants without distinguishing between
21 them. The Complaint lumps all 12 defendants together, alleging that ***Defendants*** produced defective
22 products, ***Defendants*** were negligent, ***Defendants*** were aware, and ***Defendants*** manufactured,
23 marketed, promoted, distributed, and/or sold media. (Compl., ECF No. 1, ¶¶ 1, 6, 33.) Plaintiffs direct
24 all eight of their causes of action toward all ***Defendants***. This lumping together of all claims and
25 allegations against all defendants as a monolithic group is precisely the type of shotgun pleading
26 disallowed by Rule 8. *See, e.g.*, *Carmona v. Bolanos*, No. 18-CV-05232-LHK, 2019 WL 2247832, at
27 *5 (N.D. Cal. May 23, 2019) (holding that a complaint that lumps two named defendants in with multiple

28

Doe defendants does not "meet Rule 8's pleading standard").[1]

*In re Paragard IUD Products Liability Litigation,* No. 1:20-md-02974 (N.D. Ga. Nov. 16, 2021), undermines Plaintiffs' position. In *Paragard*, although the court found that it was "not ideal that Defendants are grouped and that the claims presently cross-reference all paragraphs," it concluded that "it would be premature to require Plaintiffs to make a more definite statement, as the Paragard ownership history and Defendants' corporate structures create an unusually complex situation that involves numerous entities with potentially overlapping roles and responsibilities." (ECF No. 46-2 at p. 8.) Here, Plaintiffs do not face "an unusually complex situation" involving "numerous entities with potentially overlapping roles and responsibilities." This case presents a straightforward, unabashed attempt to shoehorn venue through deliberately murky allegations against 12 defendants. If truth be told, Plaintiffs avoid clarity and specificity as to CooperCompanies because clarity and specificity would expose the Complaint for what it is—a transparent attempt to keep the case in a district where it does not belong.

## II.   The punitive damages allegations only exacerbate the Complaint's deficiencies.

It is also true, as Plaintiffs point out, that issues of shotgun pleading frequently arise in cases of fraud. (*See* ECF No. 46 at 5:8-11.) But fraud cases are not the only ones in which problems of shotgun pleading arise. Shotgun pleading problems arise in punitive damages cases as well. *E.g.*, *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.5 (11th Cir. 2020).

In *Estate of Bass*, the Eleventh Circuit explained that a shotgun "pleading is never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so." 947 F.3d at 1357. Although that case involved only two defendants, the complaint still violated Rule 8, particularly because of the punitive damages allegations. The court explained that shotgun pleading of punitive damages leaves everyone guessing about which conduct supports punitive damages and, as a result, "clearly run[s] afoul of the specificity required by Rule 8(a)(2) and Iqbal . . . ." *Id.* at 1356 n.5.

---

[1]   Including 10 Doe defendants does not relieve Plaintiffs of their obligation to comply with Rule 8's pleading requirements. *Accord Nicholas v. City of West Covina*, No. 2:22-cv-02425-PA-JC , 2022 WL 17254779, at *5 (C.D. Cal. Sept. 14, 2022) (holding that a pro se plaintiff's complaint failed to comply with Rule 8 because it lacked "individualized allegations about each Doe defendant" and merely alleged "that an indistinguishable group of Doe defendants caused his injuries").

The Complaint here illustrates the concerns expressed in *Estate of Bass*. Although the Complaint names CooperCompanies, CooperSurgical, and 10 unidentified Doe defendants, Paragraph 67 alleges that "Defendants' conduct was despicable and carried out by Defendants with a willful and conscious disregard of the rights and/or safety of others, including putting Defendants' profits over the safety of others, including Plaintiffs." (Compl., ECF No. 1, ¶ 67.) Paragraph 67 claims "Defendants" subjected Plaintiffs to "cruel and unjust hardship in conscious disregard of Plaintiffs' rights." (*Id.*) It asserts that, "as discussed herein, Defendants' conduct amounted to a deceit and/or concealment of material fact(s) known to Defendants . . . ." (*Id.*) Like the pleadings in *Estate of Bass*, Paragraph 67 leaves everyone guessing about which conduct supports punitive damages and by whom. Perhaps most egregiously, Paragraph 67 purports to base punitive damages upon Defendants' conduct "as discussed herein," but nowhere "herein" does the Complaint state or allege that CooperCompanies did anything wrong or that its conduct could be considered "despicable," in a "willful and conscious disregard of the rights and/or safety of others," or amounted "to a deceit and/or concealment of material fact(s)." Paragraph 67, like the Complaint as a whole, violates Rule 8.[2]

**III.    Plaintiffs may amend their Complaint, if at all, only after they comply with Civil L.R. 10-1.**

CooperCompanies acknowledges that courts liberally grant leave to amend pleadings. Liberality, however, comes only with compliance with Rule 15 and, more importantly, this Court's local rules. Under Civ. L.R. 10-1, "Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." *See Rivera v. E. Bay Mun. Dist.*, No. C 15-0380 SBA, 2015 WL 14027603, at *1 n.1 (N.D. Cal. Aug. 5, 2015) ("A proposed stipulation or motion for leave to file an amended complaint must be accompanied by the

---

[2]    Plaintiffs suggest that the Complaint must have given CooperCompanies sufficient notice because, otherwise, CooperCompanies couldn't have argued that the Complaint fails to state a claim for agency or alter ego. (ECF No. 46 at 3 n.1.) Plaintiffs misconstrue CooperCompanies' argument. As discussed above, the only allegation purporting to link CooperCompanies to any actionable conduct is that CooperSurgical is a subsidiary of CooperCompanies. CooperCompanies argued that that allegation is not sufficient because it does not demonstrate that either company was the agent or alter ego of the other. *Cf. Franks v. CooperSurgical, Inc.*, No. CV 22-046 WES, 2024 WL 1109055, at *9 (D.R.I. Mar. 14, 2024) (declining to find personal jurisdiction on an alter ego theory between CooperSurgical and CooperCompanies). In other words, CooperCompanies simply anticipated an agency and alter ego argument by Plaintiffs.

proposed pleading."); *Koussa v. Ming Yeung*, No. 16-CV-05137-JSC, 2017 WL 1208073, at *3 (N.D. Cal. Apr. 3, 2017) ("Without a proposed pleading, the Court cannot conclude whether the factors commonly used to determine the propriety of a motion for leave to amend—bad faith, delay, prejudice, or futility."). Plaintiffs may well be entitled to amend the Complaint, but only after complying with the rules. Until they do, the Court should deny their request.

## CONCLUSION

Plaintiffs' Sur-Reply does not cure the deficiencies in the Complaint against CooperCompanies, it only magnifies them. The Sur-Reply does not cure the failure of the Complaint to allege wrongdoing or other actionable conduct by CooperCompanies that would give it notice of the claim against it is and the grounds for it. The Sur-Reply does not cure the problem created by lumping all 12 Defendants together and vaguely claiming entitlement to punitive damages with no description of the conduct or which defendant engaged in it. And, because the Sur-Reply does not comply with Civ. L.R. 10-1, the request in the Sur-Reply for leave to amend cannot fend off dismissal. Accordingly, because the Complaint remains deficient under Rule 8, the Court should grant CooperCompanies' motion to dismiss in its entirety.

DATED:  July 12, 2024

NELSON MULLINS RILEY & SCARBOROUGH LLP

BY:  */s/ Molly J. Given*
Molly J. Given
Attorneys for Defendants
THE COOPER COMPANIES, INC. and
COOPERSURGICAL, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2024, I electronically filed the foregoing document entitled *DEFENDANT THE COOPER COMPANIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES* with the Clerk of Court using the CM/ECF System, which will send a notice of electronic filing to all Counsel of record in this action.

*/s/ Molly J. Given*
Molly J. Given